| Summons | CIVIL DOCKET NO. 2184CV02344 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>STEPHEN LEVINE,<br>Plaintiff(s)<br>VS.<br>UBER TECHNOLOGIES, INC.<br>Defendant(s) | | Michael Joseph Donovan, Clerk of Courts<br>Suffolk County<br>COURT NAME & ADDRESS:<br>SUPERIOR CIVIL COURT<br>SUFFOLK COUNTY COURTHOUSE<br>THREE PEMBERTON SQ. 12th Floor<br>BOSTON, MASSACHUSETTS 02108 |

e-filed 12/15/2021

THIS **SUMMONS IS** DIRECTED TO Uber Technologies, Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

a) Filing your **signed original** response with the Clerk's Office for Civil Business, Court (address), by mail or in person **AND**

b) Delivering or mailing a **copy** of your response to the Plaintiffs Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims)** that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

2101421

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

4. **Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5. **Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger, Chief Justice on ______________, 20____. (Seal)

Clerk-Magistrate Michael Joseph Donovan

Michael Joseph Donovan

**Note:** The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

PROOF OF SERVICE OF PROCESS



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

**December 7, 2021**

**I hereby certify and return that on 12/6/2021 at 10:58 AM I served a true and attested copy of the Summons, Complaint, Cover Sheet and Tracking Order in this action in the following manner: To wit, by delivering in hand to Sequiera Lavender, agent and person in charge at the time of service for Uber Technologies, Inc., at 155 Federal Street Suite 700 CT Corporation System Boston, MA 02110 . Attest/Copies ($5.00) Basic Service Fee (IH) ($30.00) Conveyance ($0.30) Postage and Handling ($1.00) Travel ($1.00) Total: $37.30**

Deputy Sheriff John Johnson

*Deputy Sheriff*

Date:

rev. 1/2019

**1**

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, ss.

SUPERIOR COURT
C. A. NO. ________________

STEPHEN LEVINE,

Plaintiff,

v.

UBER TECHNOLOGIES, INC.

Defendant.

**JURY DEMANDED**

10/14/2021

**COMPLAINT**

1. This case is brought on behalf of Stephen Levine, who has worked as a driver for Uber Technologies, Inc. ("Uber") in Massachusetts. Uber is a car service, which engages thousands of drivers in Massachusetts who can be hailed and dispatched through a mobile phone application to transport riders. Uber is based in San Francisco, California, and it does business across the United States and extensively throughout Massachusetts.

2. As described further below, Uber has misclassified its drivers, including Plaintiff, as independent contractors when they should be classified under Massachusetts law, Mass. Gen. L. c. 149 § 148B, as employees. Based on Plaintiff's misclassification as an independent contractor, Uber has unlawfully required him to pay business expenses (including but not limited to the cost of maintaining his vehicle, gas, insurance, phone and data expenses, and other costs) in violation of Mass Gen. L. c. 149 §§ 148, 150. Uber has also failed to guarantee and pay him minimum wage for all

hours worked, and it has failed to pay overtime premiums for hours worked in excess of forty hours per week in violation of the Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 § 1, and the Massachusetts Overtime law, Mass. Gen. L. c. 151 § 1A.

3. Plaintiff has been an outspoken advocate against Uber's (and other "gig economy" companies') misclassification of its workers. Plaintiff is a member of the board of the Boston Independent Drivers Guild, an advocacy group for Uber and Lyft drivers that works to promote drivers' rights. In 2021, he has participated in numerous rallies in the Boston area, has been quoted in news articles in the local press, including the *Boston Globe* and NBC Boston, and he appeared in a video opposing Uber's (and other "gig economy" companies') misclassification of their workers and attempt to get a ballot question on the 2022 Massachusetts ballot intended to deprive gig workers of their rights under the Massachusetts wage laws. Uber unlawfully retaliated against Plaintiff for his advocacy by terminating him as a driver in August 2021.

## PARTIES

4. Plaintiff Stephen Levine is an adult resident of Lynn, Massachusetts. He has worked as an Uber driver in the Boston, Massachusetts, area and the North Shore from approximately February 2015 through August 2021.

5. Defendant Uber Technologies, Inc. ("Uber") is a corporation headquartered in San Francisco, California.

## STATEMENT OF FACTS

6. Uber is a San Francisco-based car service that provides transportation service in cities throughout the country, including in Massachusetts, via an on-demand dispatch system.

7. Uber offers customers the ability to hail a car service driver on a mobile phone application.

8. Although classified as independent contractors, Uber drivers are employees under Massachusetts law.

9. Drivers perform a service in the usual course of Uber's business, since Uber is a car service that provides transportation to its customers, and drivers such as Plaintiff perform that transportation service. Uber holds itself out as a transportation service, and it generates its revenue primarily from customers paying for the very rides that its drivers perform. Without drivers to provide rides for Uber's customers, Uber would not exist.

10. When driving for Uber, Plaintiff was not engaged in his own transportation business. Instead, when driving Uber customers, he was wearing the "hat" of Uber. Customers cannot request specific Uber drivers; instead, Uber assigns particular rides to drivers.

11. Uber did not require Plaintiff to possess any skill above and beyond that necessary to obtain a normal driver's license.

12. Uber provided Plaintiff with the primary instrumentality with which he could perform services for Uber because Uber only derived a benefit from Plaintiff's labor when he used Uber's software.

13. Uber set the rate of pay for Plaintiff's services and changed the rate of pay in its sole discretion.

14. Plaintiff's vehicle was required to meet Uber's quality standards, which it determines and may change at any time at its sole discretion.

15. Uber made promotional offers to riders that reduced Plaintiff's income without consulting him.

16. Uber monitored Plaintiff's performance and could suspend or terminate him if he did not accept enough rides, canceled too many rides, did not maintain high customer satisfaction ratings, did not take what Uber deems to be the most efficient routes, or engaged in other conduct that Uber, in its sole discretion, may determine constitutes grounds for suspension or termination.

17. Uber also requires its drivers, including Plaintiff, to abide by a litany of policies and rules designed to control the drivers' work performance. Uber retains the right to terminate drivers at any time in its discretion. Uber may terminate a driver if the driver behaves in a way that Uber believes is inappropriate or has violated one of Uber's rules or standards. Drivers are also subject to termination based on Uber's system of using customer rating feedback; drivers can be terminated in Uber's discretion if Uber deems their customer ratings to be inadequate.

18. Uber does not reimburse drivers for any expenses they incur while working for Uber, including, but not limited to the cost of maintaining their vehicles, gas, insurance, and phone and data expenses for running the Uber Application. Drivers, including Plaintiff, incur these costs as a necessary expenditure to work for Uber, which Massachusetts law requires employers to reimburse.

19. Uber does not pay its drivers any earned sick time. Plaintiff has been sick during the period he worked for Uber but was not able to receive sick pay for that time.

20. Uber has violated Massachusetts Minimum Wage Law, Mass. Gen. L. c. 151 § 1, by failing to assure that drivers, including Plaintiff, make the applicable

minimum wage for all hours worked, after accounting for their expenses and other deductions taken from their pay. The hours they work include hours spent transporting passengers, driving to pick up passengers, and driving between rides while awaiting the next ride.

21. Uber has violated the Massachusetts Overtime law, Mass. Gen. L. c. 151 § 1A Plaintiff the appropriate overtime premium for all overtime hours worked beyond forty per week or eight per day. The hours that drivers such as Plaintiff have worked include hours spent transporting passengers, driving to pick up passengers, and driving between rides while awaiting the next ride.

22. Plaintiff has been an outspoken advocate against Uber's above-described violations of Massachusetts law. He is a member of the board of the Boston Independent Drivers Guild, an advocacy group for Uber and Lyft drivers that works to promote drivers' rights under Massachusetts law. In 2021, he has participated in numerous rallies in the Boston area, has been quoted in news articles in the local press, including the *Boston Globe* and NBC Boston, and he appeared in a video opposing Uber's (and other "gig economy" companies') misclassification of their workers and attempt to get a ballot question on the 2022 Massachusetts ballot intended to deprive gig workers of their rights under the Massachusetts wage laws.

23. In August 2021, Uber retaliated against Plaintiff for his advocacy on behalf of drivers by terminating him. Uber claims that Plaintiff was terminated for a violation of its community standards, but it did not tell Plaintiff the specific reason for his termination. On information and belief, any proffered reason is pretextual, and Plaintiff

was actually terminated due to his outspoken advocacy against Uber's misclassification of its drivers.

24. Plaintiff has opted out of Uber's arbitration agreement and thus may pursue his claims in court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, Plaintiff has submitted his statutory claims with the Office of the Attorney General.

## COUNT I
## Wage Act
## MASSACHUSETTS GENERAL LAW CHAPTER 149 §§ 148, 148B

As set forth above, Uber has violated the Wage Act by misclassifying Plaintiff as an independent contractor pursuant to Mass. Gen. L. c. 149 § 148B and by failing to reimburse him for business expenses necessary to perform his work, such as gas and car maintenance, smartphones and phone data plans in violation of Mass. Gen. L. c. 149 § 148.

## COUNT II
## Minimum Wage
## MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1,7

As set forth above, Uber has violated the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7, by failing to ensure that Plaintiff was paid at least the full state minimum wage for all weeks that he worked.

**COUNT III**
**Overtime**
**MASSACHUSETTS GENERAL LAW CHAPTER 151 §1A**

As set forth above, Uber has violated the Massachusetts Overtime Law, M.G.L. c. 151, § 1A, by failing to ensure that Plaintiff was paid one-and-a-half times his regular rate for all hours he worked beyond 40 per week.

**COUNT IV**
**Sick Leave**
**MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148C**

As set forth above, Uber has violated the Massachusetts Sick Leave Law, M.G.L. c. 149 § 148C, by failing to pay Plaintiff earned sick time at a rate of at least one hour for every thirty hours worked.

**COUNT V**
**Retaliation**
**MASSACHUSETTS GENERAL LAW CHAPTER 149 § 148A; CHAPTER 151 § 19**

As set forth above, Uber's termination of Plaintiff constitutes unlawful retaliation against him for his advocacy opposing Uber's deprivation of its drivers rights under the wage laws, in violation of the Massachusetts Wage and Hour Anti-Retaliation Laws, M.G.L. c. 149 § 148A, M.G.L. c. 151 § 19.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Restitution for all damages due to the Plaintiff because of his misclassification as an independent contractor and related wage law violations;
2. Restitution for all damages due to the Plaintiff because of Uber's unlawful retaliation against him;
3. An injunction ordering Uber to cease its unlawful practices;
4. Statutory trebling of damages;
5. Attorneys' fees and costs
6. Prejudgment interest; and,
7. Any other relief to which Plaintiff may be entitled.

Dated: October 14, 2021

Respectfully submitted,

STEPHEN LEVINE,

By his attorneys,

[signature]

Shannon Liss-Riordan, BBO # 640716
Michelle Cassorla, BBO # 688429
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
617-994-5800
sliss@llrlaw.com
mcassorla@llrlaw.com

2

# CIVIL ACTION COVER SHEET

DOCKET NUMBER

Trial Court of Massachusetts
The Superior Court

COUNTY Suffolk

| Plaintiff: Stephen Levine | Defendant: Uber Technologies, Inc. |
|---|---|
| ADDRESS: | ADDRESS: |
| | |
| | |
| Plaintiff Attorney: Shannon Liss-Riordan | Defendant Attorney: |
| ADDRESS: Lichten & Liss-Riordan, P.C. | ADDRESS: |
| 729 Boylston Street, Suite 2000 | |
| Boston, MA 02116 | |
| BBO: 640716 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employmnet Contract | F | [X] YES [ ] NO |

***If "Other" please describe:**

**Is there a claim under G.L. c. 93A?** [ ] YES [ ] NO

**Is there a class action under Mass. R. Civ. P. 23?** [ ] YES [ ] NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

10/14/2021

1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

Subtotal (1-5): **$0.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)

TOTAL (A-F): **$0.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X Shannon Liss-Riordan Date: October 14, 2021

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality ***

| Code | Description | Track |
|---|---|---|
| AA1 | Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 | Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 | Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 | Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 | Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

**CN Contract/Business Cases**

| Code | Description | Track |
|---|---|---|
| A01 | Services, Labor, and Materials | (F) |
| A02 | Goods Sold and Delivered | (F) |
| A03 | Commercial Paper | (F) |
| A04 | Employment Contract | (F) |
| A05 | Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 | Insurance Contract | (F) |
| A08 | Sale or Lease of Real Estate | (F) |
| A12 | Construction Dispute | (A) |
| A14 | Interpleader | (F) |
| BA1 | Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 | Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 | Shareholder Derivative | (A) |
| BB2 | Securities Transactions | (A) |
| BC1 | Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 | Intellectual Property | (A) |
| BD2 | Proprietary Information or Trade Secrets | (A) |
| BG1 | Financial Institutions/Funds | (A) |
| BH1 | Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 | Other Contract/Business Action - Specify | (F) |

***** Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| Code | Description | Track |
|---|---|---|
| D01 | Specific Performance of a Contract | (A) |
| D02 | Reach and Apply | (F) |
| D03 | Injunction | (F) |
| D04 | Reform/ Cancel Instrument | (F) |
| D05 | Equitable Replevin | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of a Trust | (A) |
| D08 | Minority Shareholder's Suit | (A) |
| D09 | Interference in Contractual Relationship | (F) |
| D10 | Accounting | (A) |
| D11 | Enforcement of Restrictive Covenant | (F) |
| D12 | Dissolution of a Partnership | (F) |
| D13 | Declaratory Judgment, G.L. c. 231A | (A) |
| D14 | Dissolution of a Corporation | (F) |
| D99 | Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| Code | Description | Track |
|---|---|---|
| PA1 | Contract Action involving an Incarcerated Party | (A) |
| PB1 | Tortious Action involving an Incarcerated Party | (A) |
| PC1 | Real Property Action involving an Incarcerated Party | (F) |
| PD1 | Equity Action involving an Incarcerated Party | (F) |
| PE1 | Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| Code | Description | Track |
|---|---|---|
| B03 | Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 | Other Negligence - Personal Injury/Property Damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice - Medical | (A) |
| B07 | Malpractice - Other | (A) |
| B08 | Wrongful Death - Non-medical | (A) |
| B15 | Defamation | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury - Slip & Fall | (F) |
| B21 | Environmental | (F) |
| B22 | Employment Discrimination | (F) |
| BE1 | Fraud, Business Torts, etc. | (A) |
| B99 | Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| Code | Description | Track |
|---|---|---|
| S01 | Summary Process - Residential | (X) |
| S02 | Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| Code | Description | Track |
|---|---|---|
| C01 | Land Taking | (F) |
| C02 | Zoning Appeal, G.L. c. 40A | (F) |
| C03 | Dispute Concerning Title | (F) |
| C04 | Foreclosure of a Mortgage | (X) |
| C05 | Condominium Lien & Charges | (X) |
| C99 | Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| Code | Description | Track |
|---|---|---|
| E18 | Foreign Discovery Proceeding | (X) |
| E97 | Prisoner Habeas Corpus | (X) |
| E22 | Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| Code | Description | Track |
|---|---|---|
| E15 | Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 | Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| Code | Description | Track |
|---|---|---|
| E02 | Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 | Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 | Confirmation of Arbitration Awards | (X) |
| E06 | Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 | Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 | Appointment of a Receiver | (X) |
| E09 | Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 | Summary Process Appeal | (X) |
| E11 | Worker's Compensation | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 | Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 | Pleural Registry (Asbestos cases) | |
| E94 | Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 | Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 | Other Administrative Action | (X) |
| Z01 | Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 | Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| Code | Description | Track |
|---|---|---|
| E12 | SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 | SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| Code | Description | Track |
|---|---|---|
| E19 | Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 | Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.**
**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**